UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| GAYNELL C. COLBURN, individually and on behalf of others similarly situated, <br> 1700 N. Gay Street <br> Baltimore, Maryland 21212 <br><br> *Plaintiff,* <br><br> v. <br><br> HILTON MANAGEMENT LLC, doing business as HILTON MANAGEMENT SERVICES, <br> 7930 Jones Branch Drive <br> McLean, Virginia 22102 <br><br> Serve on: <br><br> CSC-Lawyers Incorporating Service Company <br> 7 St. Paul Street, Ste. 820 <br> Baltimore, Maryland 21202 <br><br> *Defendant.* | * <br> * <br> * <br> * <br> * <br> *   Case No. 1:18-cv-730 <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**CLASS ACTION COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Plaintiff, Gaynell C. Colburn, on behalf of herself and the proposed class (defined below), brings this action against Hilton Management LLC ("Defendant"):

**INTRODUCTION**

1.  For more than 20 years, the Americans with Disabilities Act ("ADA") has required that individuals with disabilities by provided full and equal access to

1

the goods, services and facilities provided by hotel owners and operators.

2. This mandate requires hotel businesses to provide individuals with disabilities accessible transportation services.

3. Defendant operates various hotels throughout the United States, and, as part of those operations, provides hotel customers transportation services.

4. Defendant has failed to make its transportation services fully accessible to individuals with disabilities, thereby denying those individuals the same benefits and privileges afforded to guests without disabilities.

5. Plaintiff accordingly seeks declaratory and injunctive relief establishing that Defendant has engaged in violations of the ADA, and requiring Defendant to comply with the ADA by providing individuals with disabilities accessible transportation services that are equivalent to the transportation services provided to non-disabled guests.

**JURISDICTION AND VENUE**

6. The claims alleged arise under Title III such that this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

7. Personal jurisdiction exists for Defendant because it manages and/or operates multiple hotels located in Maryland, including the Hampton Inn Baltimore/Glenn Burnie and the Homewood Suites by Hilton Baltimore.

8. Venue in the District of Maryland is proper under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred.

**PARTIES**

9. Plaintiff Gaynell C. Colburn, at all times relevant hereto, is and was a resident of Baltimore City, Maryland.

10. Plaintiff is a wheelchair user who is limited in the major life activity of walking.

11. As Plaintiff requires a wheelchair accessible vehicle in order to utilize transportation services offered by hotels, she has a personal interest in ensuring that hotels comply with federal requirements governing the provision of accessible transportation services.

12. Plaintiff is a tester in this litigation and a consumer who wishes to access Defendant's goods and services.

13. Defendant Hilton Management LLC is organized under the laws of Delaware with its principal place of business in Virginia.

**FACTUAL ALLEGATIONS**

14. Defendant manages and/or operates many hotels throughout the United States.

15. As part of these operations, Defendant provides its customers transportation services, including, but not limited to, complimentary shuttle services.

16. Within the applicable limitations period, Plaintiff called the Hampton Inn Baltimore/Glenn Burnie and was told by an agent of Defendant that the Hampton Inn Baltimore/Glenn Burnie provides a complimentary shuttle service for guests.

17. Plaintiff was told that the complimentary shuttle service was not wheelchair accessible.

18. Plaintiff was also told that Defendant would not provide alternative accessible transportation service..

19. An investigation performed on Plaintiff's behalf confirmed the allegations made by Plaintiff in Paragraphs 16 through 18.

20. The investigation performed on behalf of Plaintiff further confirmed that, in addition to the Hampton Inn Baltimore/Glenn Burnie, Defendant manages and/or operates a substantial number of other hotels in the United States that offer transportation services to their guests, but do not offer equivalent transportation services to guests who use wheelchairs or scooters.

21. These hotels include, but are not limited to, the following locations:

   A. Embassy Suites by Hilton Birmingham, located at 2300 Woodcrest Place, Birmingham, AL 35209;

   B. Embassy Suites by Hilton Phoenix Airport, located at 2333 East Thomas Road, Phoenix, AZ 85016;

   C. Embassy Suites by Hilton Phoenix Biltmore, located at 2630 East Camelback Road, Phoenix, AZ 85016;

4

D.     Pointe Hilton Tapatio Cliffs Resort, located at 1111 North 7th Street, Phoenix, AZ 85020;

E.     Embassy Suites by Hilton Mandalay Beach Resort, located at 2101 Mandalay Beach Road, Oxnard, CA 93035;

F.     Embassy Suites by Hilton Sacramento Riverfront Promenade, located at 100 Capitol Mall, Sacramento, CA 95814;

G.     DoubleTree by Hilton Hotel Denver – Stapleton North, located at 4040 Quebec Street, Denver, CO 80216;

H.     Homewood Suites by Hilton Hartford / Windsor Locks, located at 65 Ella Grasso Turnpike, Windsor Locks, CT 06096;

I.     Embassy Suites by Hilton Fort Myers Estero, located at 10450 Corkscrew Commons Drive, Estero, FL 33928;

J.     Embassy Suites by Hilton Parsippany, located at 909 Parsippany Blvd., Parsippany, FL 07054;

K.     Hampton Inn & Suites Tampa Northwest/Oldsmar, located at 4017 Tampa Road, Oldsmar, FL 34677;

L.     Hilton Garden Inn Tampa Northwest/Oldsmar, located at 4052 Tampa Road, Oldsmar, FL 34677;

M.     Embassy Suites by Hilton Atlanta Buckhead, located at 3285 Peachtree Road NE, Atlanta, GA 30305;

N.     Embassy Suites by Hilton Perimeter Center, located at 1030 Crown Pointe Pkwy, Atlanta, GA 30338;

O.   Homewood Suites by Hilton Atlanta – Buckhead, located at 3566 Piedmont Road, Atlanta, GA 30305;

P.   Homewood Suites by Hilton Atlanta – Galleria/Cumberland, located at 3200 Cobb Pkwy, Atlanta, GA 30339;

Q.   Hampton Inn Chicago/Naperville, located at 1087 East Diehl Road, Naperville, IL 60563;

R.   Hilton Chicago/Oak Brook Suites, located at 10 Drury Lane, Oakbrook Terrace, IL 60181;

S.   Hilton Garden Inn Chicago/Oakbrook Terrace, located at 1000 Drury Lane, Oakbrook Terrace, IL 60181;

T.   Hilton Rosemont/Chicago O'Hare, located at 5550 N River Road, Rosemont, IL 60018;

U.   President Abraham Lincoln Springfield – A DoubleTree by Hilton Hotel, located at 701 E Adams Street, Springfield, IL 62701;

V.   DoubleTree Club by Hilton Hotel Boston Bayside, located at 240 Mt. Vernon Street, Boston, MA 02125;

W.   DoubleTree Suites by Hilton Hotel Boston – Cambridge, located at 400 Soldiers Field Road, Boston, MA 02134;

X.   Embassy Suites by Hilton Boston Marlborough, located at 123 Boston Post Road W, Marlborough, MA 01752;

Y.   Hampton Inn Silver Spring, located at 8728-A Colesville Road, Silver Spring, MD 20910;

Z.     Homewood Suites by Hilton Baltimore-BWI Airport, located at 1181 Winterson Road, Linthicum, MD 21090;

AA.    DoubleTree by Hilton Hotel Washington DC – Silver Spring, located at 8727 Colesville Road, Silver Spring, MD 20910;

BB.    DoubleTree Suites by Hilton Hotel Detroit Downtown – Fort Shelby, located at 525 W Lafayette Blvd, Detroit, MI 48226;

CC.    Embassy Suites by Hilton Minneapolis Airport, located at 7901 34th Ave S, Bloomington, MN 55425;

DD.    Embassy Suites by Hilton Kansas City Plaza, located at 220 W 43rd Street, Kansas City, MO 64111;

EE.    Hampton Inn St. Louis/Westport, located at 2454 Old Dorsett Road, Maryland Heights, MO 63043;

FF.    Embassy Suites by Hilton Missoula-Edgewater located at 100 Madison, Missoula, MT 59802;

GG.    Homewood Suites by Hilton Bozeman, located at 1023 Baxter Lane, Bozeman, MT 59715;

HH.    Homewood Suites by Hilton Kalispell, located at 195 Hutton Ranch Road, Kalispell, MT 59901;

II.    Hilton Omaha, located at 1001 Cass Street, Omaha, NE 68102;

JJ.    DoubleTree by Hilton Hotel & Suites Jersey City, located at 455 Washington Blvd, Jersey City, NJ 07310;

KK.   Homewood Suites by Hilton Santa Fe – North, located at 10 Buffalo Thunder Trail, Santa Fe, NM 87506;

LL.   DoubleTree by Hilton Hotel Las Vegas Airport, located at 7250 Pollock Drive, Las Vegas, NV 89119;

MM.   Hampton Inn Albany – Wolf Road (Airport), located at 10 Ulenski Drive, Albany, NY 12205;

NN.   DoubleTree by Hilton Hotel Tulsa Downtown, located at 616 W Seventh Street, Tulsa, OK 74127;

OO.   Hampton Inn Scranton at Montage Mountain, located at 22 Montage Mountain Road, Scranton, PA 18507;

PP.   Hampton Inn Charleston – Daniel Island, located at 160 Fairchild Street, Charleston, SC 29492;

QQ.   Homewood Suites by Hilton – North Charleston Airport, located at 5048 International Blvd., North Charleston, SC 29418;

RR.   Embassy Suites by Hilton Memphis, located at 1022 South Shady Grove Road, Memphis, TN 38120;

SS.   Hampton Inn & Suites Memphis – Shady Grove, located at 962 S Shady Grove Road, Memphis, TN 38120;

TT.   Hampton Inn Chattanooga – Airport/I-75, located at 7013 Shallowford Road, Chattanooga, TN 37421;

UU.   Hampton Inn Knoxville-Airport, located at 148 International Avenue, Alcoa, TN 37701;

VV. Homewood Suites by Hilton Memphis – Poplar, located at 5811 Poplar Ave, Memphis, TN 38119;

WW. DoubleTree Suites by Hilton Hotel Austin, located at 303 W 15th Street, Austin, TX 78701;

XX. DoubleTree Suites by Hilton Hotel Houston Downtown, located at 400 Dallas Street, Houston, TX 77002;

YY. Embassy Suites by Hilton Downtown Town Lake, located at 300 S Congress Avenue, Austin, TX 78704;

ZZ. Hilton Dallas/Plano Granite Park, located at 5805 Granite Pkwy, Plano, TX 75024;

AAA. Hilton Houston Post Oak, located at 2001 Post Oak Blvd, Houston, TX 77056;

BBB. Homewood Suites by Hilton Dallas – Plano, located at 4705 Old Shepard Place, Plano, TX 75093;

CCC. Homewood Suites by Hilton Dallas/Addison, located at 4451 Beltline Road, Addison, TX 75001;

DDD. Homewood Suites by Hilton Dallas – Irving – Las Colinas, located at 4300 Wingren Drive, Irving, TX 75039;

EEE. Homewood Suites by Hilton San Antonio – Northwest, located at 4323 Spectrum One, San Antonio, TX 78230;

FFF. Waldorf Astoria Park City, located at 2100 Frostwood Drive, Park City, UT 84098; and

GGG. Embassy Suites by Hilton Seattle Tacoma International Airport, located at 15920 West Valley Highway, Seattle, WA 98188.

22. Defendant's policy and practice of refusing to offer individuals with disabilities equivalent transportation services is discriminatory and in violation of the ADA.

23. Though Plaintiff is serving as a tester in this case, she would like to stay at one or more of the properties managed by Defendant in the future and use the hotel's transportation services.

24. However, the lack of equivalent transportation services has deterred Plaintiff from staying at the Hyatt Place or using its shuttle service.

25. Plaintiff has been, and in the absence of an injunction will continue to be, injured by Defendant's policy and practice of failing to provide equivalent transportation services to persons with disabilities.

## CLASS ALLEGATIONS

26. Plaintiff brings this action under Rule 23(a) and (b)(2) of the federal rules of civil procedure and on behalf of herself and the following class: "All individuals who use wheelchairs or scooters for mobility and who have been, or in the future will be, denied the full and equal enjoyment of transportation services offered to guests at hotels owned and/or operated by Defendant because of the lack of equivalent accessible transportation services at those hotels."

27. Numerosity: The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition

of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

28. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

29. <u>Common Questions of Fact and Law</u>: There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

30. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

31. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

of the individual claims of the respective class members through this class action will benefit both the parties and the Court, and will facilitate judicial economy.

28. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the members of the class. The claims of Plaintiff and members of the class are based on the same legal theories and arise from the same unlawful conduct.

29. <u>Common Questions of Fact and Law:</u> There is a well-defined community of interest and common questions of fact and law affecting members of the class in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendant's goods, services and facilities due to the policies and practices described above.

30. <u>Adequacy of Representation:</u> Plaintiff is an adequate representative of the class because her interests do not conflict with the interests of the members of the class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and has no interests antagonistic to the members of the class.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation, generally, and who possess specific expertise in the context of class litigation under the ADA.

31. Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

## CAUSE OF ACTION
## Violations of 42 U.S.C. §§ 12181, *et seq.*

32. Plaintiff incorporates by reference each and every allegation herein.

33. Plaintiff brings this claim individually and on behalf of the class.

34. Plaintiff is an individual with a disability under the ADA. 42 U.S.C. § 12102(1)(A).

35. Defendant, a hospitality business, is public accommodation under the ADA. 42 U.S.C. § 12181(7).

36. Title III of the ADA prohibits discrimination against individuals with disabilities in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a).

37. Defendant operates fixed route systems and/or demand responsive systems within the meaning of the ADA. 42 U.S.C. § 12181(3) and (4).

38. For fixed route systems, Defendant must meet the following requirements: a) for all purchases or leases after August 25, 1990, vehicles with a seating capacity over 16 passengers must be wheelchair-accessible; and b) for all purchases or leases after August 25, 1990, vehicles with a seating capacity of under 16 passengers must either be either wheelchair-accessible or equivalent service must be provided. 42 U.S.C. § 12182(B).

39. For demand responsive systems, Defendant must provide wheelchair-accessible vehicles or ensure that equivalent service is provided. 42 U.S.C. § 12182(C).

40. Defendant has engaged in illegal disability discrimination by, without limitation, failing to ensure that transportation vehicles in use at the hotels it manages and/or operates are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, by failing to ensure that its hotels provide equivalent accessible transportation services to such individuals, and/or by failing to ensure that personnel are trained to proficiency with respect to the provision of accessible transportation services.

41. Moreover, by failing to provide accessible transportation, Defendant has engaged, directly, or through contractual, licensing, or other arrangements, in illegal disability discrimination, as defined by Title III, including without limitation:

    a) denying individuals with mobility disabilities opportunities to participate in and benefit from the goods, services and facilities available at Defendant's hotels;

    b) affording individuals with mobility disabilities unequal access to goods, services or facilities;

    c) utilizing methods of administration that (i) have the effect of discriminating on the basis of disability; or (ii) perpetuating the discrimination of others who are subject to common administrative control;

        d)      failing to make reasonable modifications in policies, practices, or procedures where necessary to afford services, privileges, advantages, or accommodations to individuals with mobility disabilities.

      42.    Defendant's ongoing and continuing violations of Title III have caused, and in the absence to an injunction will continue to cause harm to the Plaintiff and the class.

      43.    Pursuant to 42 U.S.C. § 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff requests relief as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgement as follows:

      1.    A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant failed to take action reasonably calculated to ensure that Defendant's transportation services were fully accessible to, and independently usable by, individuals with visual disabilities;

      2.    A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its transportation services into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that those transportation services are fully accessible to, and independently usable by, individuals with disabilities, and

14

which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law.

      3.    An Order Certifying the proposed class, naming Plaintiff as the representative of the class, and designating counsel for Plaintiff as class counsel;

      4.    Payment of costs and reasonable attorneys' fees as provided for by law; and

      5.    Such other additional or alternative relief as the Court finds just and proper.

Dated: March 12, 2018.            Respectfully submitted,

                                    */s/ E. David Hoskins*
                                    E. David Hoskins, Esq., No. 06705
                                    The Law Offices of E. David Hoskins, LLC
                                    16 East Lombard Street, Suite 400
                                    Baltimore, Maryland 21202
                                    (410) 662-6500 (Tel.)
                                    davidhoskins@hoskinslaw.com


                                    */s/ Kathleen P. Hyland*
                                    Kathleen P. Hyland, Esq., No. 30075
                                    Hyland Law Firm, LLC
                                    16 East Lombard Street, Suite 400
                                    Baltimore, Maryland 21202
                                    (410) 777-5396 (Tel.)
                                    kat@lawhyland.com

*/s/ R. Bruce Carlson*
R. Bruce Carlson, No. 29344
Carlson Lynch Sweet Kilpela & Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh PA, 15222
(412) 322-9243 (Tel.)
bcarlson@carlsonlynch.com
